
UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Shannon Hollie,  No. 22cv314 (KMM/LIB)

    Plaintiff,

v.

                                  **ORDER**

Essentia Health Moose Lake Clinic, et al.,

    Defendants.

---

    This matter is before the Court on Plaintiff Shannon Hollie's "Motion for Rule 60 Relief and Reconsideration and Notice." [ECF No. 12]. Mr. Hollie asks the Court to vacate and reverse the March 1, 2022 Order of United States Magistrate Judge Leo I. Brisbois denying Hollie's motion for appointment of counsel. [Mem., ECF No. 13; Order, ECF No. 8; Mot. for Appointment of Counsel, ECF No. 4]. The Court construes Mr. Hollie's Motion for Rule 60 Relief and Reconsideration and Notice as objections to the March 1st Order pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). For the reasons that follow, Mr. Hollie's objections are overruled and the March 1st Order is affirmed.

*Standard of Review*

    Although Mr. Hollie references Rule 60 in his motion seeking reversal of the March 1st Order, the Court finds that Rule is inapplicable in this setting. Rule 60(b) applies where a party seeks relief from a "final judgment, order, or proceeding," and

1

the nondispositive ruling on the motion for appointment of counsel is not such an order. *E.g.*, *Pruco Life Ins. Co. v. Breen*, No. CV 15-3250, 2019 WL 1111511, at *3 (E.D. La. Mar. 11, 2019) (finding that Rule 60(b) was not an avenue for relief from nondispositive orders that did not end the litigation). But this does not mean that Mr. Hollie cannot obtain review of the Order.

In his memorandum arguing that this Court should overrule Judge Brisbois's decision, Mr. Hollie cites 28 U.S.C. § 636(b)(1)(A), which provides that a district judge "may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." In addition, Rule 72 allows a party to "serve and file objection to [a nondispositive] order within 14 days after being served with a copy." Fed. R. Civ. P.72(a). Section 636(b)(1)(A) and Rule 72(a) are the appropriate procedural vehicles for obtaining review of the March 1st Order.

The Court's review of a magistrate judge's order on a nondispositive motion is "extremely deferential." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008); *Ahmen v. Fenesis*, No. 05-cv2388 (JRT/FLN), 2006 WL 2604677, at *1 (D. Minn. Sept. 7, 2006) (applying deferential standard to objections to an order denying a *pro se* litigant's request for appointment of counsel). Such an order should be overruled only where it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L.R. 72.2(a)(3). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on

the entire evidence is left with the definite and firm conviction that a mistake has been committed. A decision is contrary to law when it fails to apply or misapplies relevant statues, case law or rules of procedure." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (cleaned up). This means that a district court should not reverse a magistrate judge's decision in the non-dispositive arena unless it is implausible "in light of the record viewed in its entirety," even if the reviewing court might have decided it differently in the first instance. *Shank v. Carleton Coll.*, 329 F.R.D. 610, 613 (D. Minn. 2019).

*Discussion*

In the March 1st Order, Judge Brisbois cited cases concerning the appointment of counsel in civil cases such as this. Judge Brisbois then applied the factors identified in those cases as follows:

> At this early stage of the litigation, the Court has no reason to believe that litigating this action will be factually or legally complex. Nor does it appear to the Court that Plaintiff is unable to investigate this action's facts or present his arguments to the Court. (See, e.g., Compl. [Docket No. 1]; Motion for Appointment of Counsel [Docket No. 4]; Mem. [Docket No. 5]). While this action may eventually involve conflicting testimony if the matter proceeds to depositions or trial, the Court concludes that, at this time, this factor does not outweigh the others in play here. At this point, the Court concludes that appointing counsel would not substantially benefit the Court.

[ECF No. 8 at 2].

In the motion seeking to reverse that Order, Mr. Hollie offers two reasons for reversing the Order denying his motion for appointment of counsel. First, he argues

3

that Judge Brisbois "failed to provide specific reasons as to why" he denied the motion and gave only "vague statements" of the reasons for the decision. [ECF No. 13 at 3]. The Court finds that Mr. Hollie has failed to show that Judge Brisbois's decision is clearly erroneous or contrary to law. Moreover, the Court disagrees with Hollie's suggestion that the Order is vague and devoid of reasoning. The Order specifically and clearly identifies the reasons for denying Mr. Hollie's motion for appointment of counsel.

Second, Mr. Hollie contends that it was error for Judge Brisbois to conclude that appointment of counsel "would not benefit this Honorable Court in this Matter." [*Id.*]. He states that this is so because his case has merit; he has limited access to the resources he needs to access; and he lacks training in the law that would give him a "fair chance" of presenting his case to the Court. [*Id.* at 3–4]. This objection, however, fails to show that any of Judge Brisbois's findings were clearly erroneous. Indeed, in denying the motion for appointment of counsel, Judge Brisbois cited to several filings in which Mr. Hollie has shown an ability to investigate the facts and present his arguments to the Court. [ECF No. 8 at 2 (citing the Complaint, the Motion for Appointment of Counsel, and Mr. Hollie's Memorandum in support of the motion for appointment of counsel).]. The motion and memorandum that Mr. Hollie filed seeking a different outcome on his request for appointment of counsel similarly demonstrate his ability to litigate the case at this stage of the proceedings. *Ahmen*, 2006 WL 2604677, at *1 (affirming magistrate judge order denying appointment of counsel where the plaintiff's "submissions in this

4

matter to date demonstrate that he has been able to communicate effectively with the Court").

In addition, Mr. Hollie's frustration that he is untrained in the law and has limited access to resources, while understandable, is true of every *pro se* litigant and especially those, like Hollie, who are detained. However, if it were clearly erroneous or contrary to law to appoint counsel based on this reality, appointment of counsel would be the norm. Instead, federal courts rarely request an attorney to represent a *pro se* litigant. *See, e.g., Greene v. Lake*, No. 17-cv-3551 (SRN/KMM), 2018 WL 3105446, at*3–4 (D. Minn. June 25, 2018) (overruling objection to decision denying appointment of counsel and noting that "[a]ppointments of an attorney under [28 U.S.C.] § 1915(e) are rare").

*Order*

For the reasons stated, **IT IS HEREBY ORDERED that:**

1. Mr. Hollie's Motion for Rule 60 Relief and Reconsideration and Notice [ECF No. 12] is **DENIED**; and

2. The March 1, 2022 Order denying Mr. Hollie's request for appointment of counsel is **AFFIRMED**.

Date: July 19, 2022

                                            *s/Katherine Menendez*
                                            Katherine Menendez
                                            United States District Judge