UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shannon Hollie, | No. 22-cv-314 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Essentia Health Moose Lake Clinic, et al., | |
| Defendants. | |

On February 1, 2022, Shannon Hollie, who is involuntarily civilly committed to the Minnesota Sex Offender Program's facility in Moose Lake, Minnesota, filed this lawsuit against Defendants Essentia Health Moose Lake Clinic ("Essentia") and Dr. Benjamin Marsh. Mr. Hollie alleges that Defendants provided inadequate medical treatment for his erectile dysfunction following a prostatectomy and cancer treatment. Specifically, Mr. Hollie claims that Dr. Marsh violated his constitutional rights when Dr. Marsh told Mr. Hollie that he would not perform a penile implant procedure to treat Mr. Hollie's condition given Mr. Hollie's history of being a sex offender. In addition, Mr. Hollie alleges that Dr. Marsh falsified entries in his medical records. Mr. Hollie brings claims against both Defendants under federal and state law.

On July 27, 2023, United States Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") concerning the Defendants' motions for summary judgment. Judge Brisbois recommended that the motions be granted and this action be dismissed. Mr. Hollie filed timely objections to the R&R, the Defendants responded, and

1

the matter is now pending before this Court for a final decision. As explained below, the Court accepts the R&R, overrules Mr. Hollie's objections, and grants the Defendants' motions for summary judgment. In addition, the Court denies a motion Mr. Hollie filed in which he asks the Court to exclude several declarations and exhibits filed by the Defendants from the summary judgment record.

## BACKGROUND

*Mr. Hollie's Medical Treatment*

As explained in the R&R,[1] Mr. Hollie was diagnosed with and treated for prostate cancer. Mr. Hollie had a prostatectomy surgery in 2018, but he experienced erectile dysfunction ("ED") during his recovery process. After the provider who had been treating Mr. Hollie passed away, his urology care was transferred to Dr. Marsh, who saw Mr. Hollie at the Essentia Health Moose Lake Clinic. Dr. Marsh referred Mr. Hollie to an oncologist for concerns with elevated PsA levels, and the oncologist eventually told Mr. Hollie he would refer him back to Dr. Marsh for urology treatment concerns, including his post-operative ED. In March 2020, Dr. Marsh told Mr. Hollie that options for treatment of ED would be discussed after follow-up cancer treatment had been completed.

In June 2021, Dr. Marsh saw Mr. Hollie regarding incontinence, difficulties emptying his bladder, and other concerns, and Dr. Marsh scheduled a diagnostic

---

[1] The R&R thoroughly and accurately discusses the evidence concerning the material facts relating to Mr. Hollie's claims. Mr. Hollie's objections contain no specific disagreements with the facts as found by Judge Brisbois in the R&R, and the Court finds no error in Judge Brisbois' recitation of the relevant factual landscape.

2

cystoscopy. During a follow-up appointment, Dr. Marsh discussed Mr. Hollie's treatment options for his ED concerns, including taking medication in either a pill or liquid form or receiving a penile implant. Mr. Hollie expressed interest in the implant procedure, and Dr. Marsh said he would look into setting up the procedure. In August 2021, Dr. Marsh performed a cystoscopy procedure on Mr. Hollie, and afterward, Mr. Hollie asked again about the implant. However, Dr. Marsh told Mr. Hollie that he may want to get a different urologist because Dr. Marsh was not comfortable performing the procedure for Mr. Hollie given his history of being a sex offender. Meanwhile, Mr. Hollie received a referral to a different urologist, "Dr. Johnson," from a physician who was treating him for his diabetes.

    Dr. Marsh directed Mr. Hollie to raise his concerns with the ethics committee and Mr. Hollie was told to return to Essentia in six months for a follow-up regarding his PsA levels. Eventually, in November 2021, after Mr. Hollie contacted Essentia to ask about the status of the ethics committee review, Essentia informed Mr. Hollie that it could not compel its physicians to perform a surgery. Further, Essentia told Mr. Hollie that to pursue the issue further, he would need to deal with Essentia's legal team. Mr. Hollie initiated this lawsuit in February 2022 and continued to seek treatment with a new urologist through requests with MSOP Health Services. Mr. Hollie eventually saw Dr. Johnson at St. Luke's Hospital for urology needs, but did not discuss his ED or available treatment options. He is considering seeking the penile implant through the Veteran's Administration and completed preliminary paperwork.

*Summary Judgment Motions and the R&R*

The Defendants filed motions for summary judgment in April 2023. [Doc. Nos. 100, 108.] In May, Mr. Hollie filed his "Motion in Limine" and a memorandum in opposition to Essentia's motion for summary judgment. [Doc. Nos. 118, 127.] Judge Brisbois took the summary judgment motions under advisement based on the written submissions and issued the R&R on July 27, 2023.

In the R&R, Judge Brisbois concluded that Defendants were entitled to summary judgment on the merits of all of Mr. Hollie's federal claims. First, Judge Brisbois examined Mr. Hollie's claims, brought pursuant to 42 U.S.C. § 1983, that Defendants violated his constitutional rights under the Eighth and Fourteenth Amendments by being deliberately indifferent to his serious medical needs and for discriminating against him based on his status as a committed sex offender. Judge Brisbois found that a reasonable jury could not find in Mr. Hollie's favor on these claims against Dr. Marsh because § 1983 only applies to state actors, and there was no evidence that Dr. Marsh would be deemed a state actor under the circumstances of this case. [Doc. No. 146 at 10–12.] Specifically, he explained

> [T]here is . . . no proof of a contract and no proof of an ongoing relationship between the MSOP and Dr. Marsh. Instead, it appears only that those civilly committed patients within the MSOP, such as [Mr. Hollie], were taken to medical facilities, like Essentia . . ., on an as-needed basis for medical treatment not otherwise available within the MSOP, and the doctors and health care professionals who treated [Mr. Hollie], like Dr. Marsh, did so in a private facility and exercised independent medical judgment. There is simply nothing in the record to suggest that Dr. Marsh acted in

4

concert with state officials, or that his conduct is otherwise chargeable to the state.

[*Id.* at 12.]

Second, Judge Brisbois found that Essentia was entitled to summary judgment on Mr. Hollie's § 1983 claims. He explained that Essentia could not be held liable under a *respondeat superior* theory where Dr. Marsh had not been found to have committed an underlying violation. [*Id.*] Further, Judge Brisbois found that the evidence established that Essentia was not Dr. Marsh's employer. [*Id.* at 12–13.] And he concluded that even if Dr. Marsh was held liable under § 1983, as a matter of law, a private employer may not be vicariously liable under § 1983. [*Id.* at 13.]

Next, Judge Brisbois found that Defendants were entitled to summary judgment on Mr. Hollie's claims under 42 U.S.C. § 1981.[2] Citing cases that have held § 1981 forbids racial discrimination in the making of private and public contracts, but does not cover other forms of discrimination, Judge Brisbois found that Mr. Hollie could not prevail on his claims under the statute because he "only alleged facts related to discrimination on the basis of his convicted sex offender status." [*Id.* at 13–14 (citing *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987) and *Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 50 (7th Cir. 1984)).] Further, Judge Brisbois determined that Essentia could not be held vicariously liable under § 1981 because Essentia is not Dr. Marsh's employer and there was no evidence of an underlying violation of the statute by Dr. Marsh. [*Id.* at 14 n.2.]

---

[2] Mr. Hollie's discrimination claims were based on his allegations that Defendants refused to perform the implant procedure and that Dr. Marsh altered or falsified his medical records based on his sex offender status. [Doc. No. 1 ¶¶ 1, 2(a); R&R at 5–6.]

5

Judge Brisbois next considered Mr. Hollie's claims under Titles II and III of the ADA, and agreed with the Defendants that those claims fail because there was no evidence that Mr. Hollie is an "individual with a disability" within the meaning of the ADA. [*Id.* at 14–15.] Judge Brisbois explained his reasoning as follows: "while Plaintiff asserts that he is disabled because of erectile dysfunction, he has offered no indication as to how this alleged disorder rendered him disabled for purposes of the ADA." [*Id.* at 15.] And Judge Brisbois found Essentia could not be held vicariously liable under the ADA as well based on an analysis similar to that used in the § 1983 context. [*Id.* at 15 n.3.]

Finally, Judge Brisbois noted that Mr. Hollie asserted claims under Minnesota state law, including under the Rehabilitation Act, the Minnesota Health Records Act, and Minn. Stat. § 541.076.[3] However, Judge Brisbois did not reach the merits of these claims. Instead, he determined, under 28 U.S.C. § 1367(c)(3), that with all of the federal claims subject to summary judgment, the Court should decline to exercise supplemental jurisdiction over the state law claims and that they should be dismissed without prejudice. [*Id.* at 15–18.]

## DISCUSSION

### I.     Motion in Limine

After the Defendants moved for summary judgment, Mr. Hollie filed a motion captioned as a "Motion in Limine." In it, he argued that several declarations submitted in support of the Defendants' motions are inadmissible and should not be considered by the

---

[3] Mr. Hollie's complaint also references the Minnesota Human Rights Act and the Minnesota Government Data Practices Act. [Doc. No. 1 ¶¶ 2(a)–(b), 36.]

6

Court. [Doc. No. 119.] One of the submissions Mr. Hollie seeks to exclude from consideration is the Declaration of defense counsel, Tracy A Schramm, to which several exhibits are attached, including excerpts of Mr. Hollie's deposition and copies of Mr. Hollie's medical records. [Schramm Decl. & Exs. A–D, Doc. No. 103.[4]] In addition, Mr. Hollie argues that the Court should strike the Declaration of defense counsel, Bryon G. Ascheman, attached to which is a copy of Dr. Marsh's responses to Mr. Hollie's second set of discovery requests. [Ascheman Decl. & Ex. A, Doc. No. 111.] Finally, Mr. Hollie seeks to exclude the Declaration of Kristine Olson, a Senior Director of Physician and Professional Services at Essentia. Ms. Olson states that as of October 14, 2018, Dr. Marsh was not employed by Essentia. She explains that Dr. Marsh is employed by The Duluth Clinic, Ltd. [Olson Decl., Doc. No. 112.]

      Mr. Hollie argues that Federal Rule of Civil Procedure 56 requires that materials filed in support of a motion for summary judgment must be admissible at trial. Further, he argues that all three defense declarations should be stricken because the declarants are not competent to offer testimony on the matters included in their declarations. As explained below, the Court disagrees.

      Mr. Hollie is correct that a plaintiff opposing summary judgment may contest the evidence used to support a defendant's motion, but he elides a key aspect of Rule 56. The Rule provides that a party may object that the material cited by the movant to support a fact "cannot be presented in a form that would be admissible in evidence." *See* Fed. R.

---

[4] Another copy of the Schramm Declaration was filed in error at Doc. No. 105, which Mr. Hollie also referenced in his "Motion in Limine."

Civ. P. 56(c)(2). Further, when a party files a declaration to support a motion for summary judgment, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

The Schramm and Olson Declarations plainly satisfy these requirements.[5] Attorney Schramm states that the exhibits attached to the declaration are true and correct copies. Notwithstanding Mr. Hollie's suggestion to the contrary, there is no indication in the record that Attorney Schramm lacks personal knowledge of those facts or is unable to competently establish the foundation required for consideration of these exhibits on summary judgment. Nor does Mr. Hollie persuasively contend that those exhibits cannot be presented in admissible form at trial. Fed. R. Civ. P. 56(c)(2). The same is true of the Olson Declaration. Ms. Olson explains the basis for her personal knowledge regarding Dr. Marsh's employment status and she states facts regarding the same that would be admissible in evidence at trial. Like Attorney Schramm, Ms. Olson was competent to provide her declaration testimony regarding the fact that Dr. Marsh is not an Essentia employee, and was employed by a different entity. Therefore, the Court finds it was proper for Judge Brisbois to have considered these materials in preparing the R&R,[6] and

---

[5] The Court notes that neither Judge Brisbois' R&R, nor this Court's conclusions, rely upon any of the information found in the exhibit attached to the Ascheman Declaration. Consequently, whether it is excluded or not is of no consequence to the resolution of the Defendants' summary judgment motions.

[6] *See* R&R at 1–6 (citing exhibits A–D to the Schramm Decl. throughout); *id.* at 2 (citing Olson Decl. ¶ 4).

it is appropriate for this Court to consider them in its review of Mr. Hollie's objections. The Court denies Mr. Hollie's request to exclude them.

Mr. Hollie also argues that the Schramm Declaration's seventh paragraph, which states that Mr. Hollie neither identified expert witnesses nor produced expert affidavits pursuant to Minn. Stat. § 145.682, is irrelevant. Therefore, he contends, the entire declaration should be stricken. Mr. Hollie offers no support for his position that striking the declaration is appropriate under these circumstances. The Court declines to strike the Schramm Declaration based on Mr. Hollie's argument that one paragraph contains information that is irrelevant to any claim or defense in the litigation.

Next, citing Federal Rule of Evidence 901(a), Mr. Hollie argues that the exhibits attached to the Schramm Declaration are not admissible[7] for summary judgment purposes because they have not been properly authenticated. Again, the Court disagrees. The exhibits at issue are Mr. Hollie's deposition and copies of pertinent medical records from Mr. Hollie's treatment with Dr. Marsh. The excerpts of the deposition are accompanied by the court reporter's certificate and Mr. Hollie's notarized signature page. [Doc. No. 103-1 at 32 (reporter's certificate), 47 (plaintiff's signature page).] The medical records are excerpted from a certified copy of over 2,200 pages of Mr. Hollie's medical records from Essentia covering the period of September 5, 2008, through March 21, 2022, a complete copy of which was provided to Mr. Hollie. [Doc. No. 92-1; Doc. No. 124-1.] Mr. Hollie does not argue that the excerpts from his deposition contain

---

[7] Mr. Hollie argues that the exhibits should be excluded from consideration because the Schramm Declaration itself should be stricken. However, because the Court finds no basis for striking the declaration, this request is denied.

9

inaccurate information or that the medical records produced are not from the certified copy of the records maintained by Essentia. Thus, the Court has no difficulty concluding that these materials are what the Schramm Declaration represents them to be. *See Watkins Inc. v. McCormick & Co., Inc.*, Case No. 15-cv-2688 (DSD/ECW), 2023 WL 1777474, at *5 (D. Minn. Feb. 6, 2023) ("To authenticate a document, the proponent need only prove a rational basis for the claim that the document is what the proponent asserts it to be.") (quoting *United States v. Long*, 857 F.2d 436, 442 (8th Cir. 1988)).

For these reasons, Mr. Hollie's "Motion in Limine" is denied.

## II.   Objections to the R&R

### A. Legal Standard

The Court reviews *de novo* any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). District court judges "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Because Mr. Hollie is self-represented, his objections are entitled to a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Having carefully reviewed the R&R, the Court agrees with its conclusion that the Defendants are entitled to summary judgment.

**B. Analysis**

Mr. Hollie objects to the recommendation that Defendants be granted summary judgment on his § 1983 claims relating to inadequate medical care and lack of equal protection. First, he objects to the conclusion that Dr. Marsh cannot be considered a state actor for purposes of 42 U.S.C. § 1983 and argues that he was denied constitutionally adequate follow-up care for his prostate cancer.[8] [Doc. No. 147 at 9, 11–12.] The Court agrees with Judge Brisbois' conclusion that the summary judgment record does not contain evidence from which a reasonable jury could conclude that Dr. Marsh was a state actor. The undisputed evidence shows that Dr. Marsh treated Mr. Hollie at a non-MSOP facility for medical issues that MSOP medical personnel do not handle. There was no evidence that Dr. Marsh is under contract with the State of Minnesota or MSOP to provide medical care to MSOP patients. And there was no evidence indicating that Minnesota or MSOP officials control or otherwise influence Dr. Marsh's medical decision-making generally or his specific decision not to perform the penile implant procedure that Mr. Hollie requested to treat his ED.

The Supreme Court has held that treatment provided by physicians under contract with a state may be fairly attributable to the state for purposes of a § 1983 claim. *See West v. Atkins*, 487 U.S. 42, 54–56 (1988). However, the facts of this case are different. This case is like others where courts have granted summary judgment to private medical

---

[8] To the extent Mr. Hollie's assertion that he was denied constitutionally adequate follow-up care for his prostate cancer is related to anything other than the alleged improper refusal to perform the penile implant to treat his ED condition, such a claim is not properly before the Court because Mr. Hollie's complaint provides no notice of such a claim. [Doc. No. 1 ¶¶ 2, 25–29, 34, 36, 39.]

11

providers who cannot be considered state actors for purposes of § 1983 claims because they had no contractual relationship with the state, provided services at a private facility, and exercised independent medical judgment. *See, e.g.*, *Bevins v. Becker Cnty., Minn.*, No. 16-cv-4340 (NEB/BRT), 2019 WL 397322, at *5 (D. Minn. Jan. 31, 2019) (granting summary judgment motions of private physician defendants where they had no contractual relationship with the jail where the plaintiff was in custody and there was no evidence from the plaintiff indicating that physicians "failed to utilize their independent medical judgment"); *Griffis v. Medford*, No. 05-3040, 2007 WL 2752373, at *6 (W.D. Ark. Sept. 29, 2007) (finding that a "private physician treating an inmate at a private facility utilizing his independent medical judgment is not answerable to the state and does not act under color of state law for purposes of § 1983" and granting defendant's motion for summary judgment). Because there is no evidence to support a finding that Dr. Marsh is a "state actor" for purposes of § 1983, the Court finds that Dr. Marsh is entitled to summary judgment on Mr. Hollie's claims against him under that statute.

Mr. Hollie has not specifically objected to Judge Brisbois' conclusion that the § 1981 claim against Dr. Marsh fails because that statute protects only against racial discrimination, and Mr. Hollie alleged that he was discriminated against because he is a sex offender. Similarly, Mr. Hollie does not appear to specifically object to Judge Brisbois' conclusions that the complaint fails to state a claim that Essentia is vicariously liable under either § 1983 or § 1981. The Court therefore reviews these aspects of the R&R for clear error, but finds none.

Mr. Hollie next objects that the R&R "incorrectly holds there is no evidence Plaintiff is sufficiently qualified as an individual with a disability under either Title [II or III of the ADA]." [Doc. No. 147 at 14.] This objection is overruled. As discussed, Judge Brisbois recommended the ADA claims be dismissed because Mr. Hollie's alleged disability was premised upon his ED condition,[9] but he offered no indication of how this rendered him disabled for purposes of the ADA. Mr. Hollie points to no evidence undermining Judge Brisbois' conclusion. The cases Mr. Hollie cites in his objection are inapposite.[10]

None of Mr. Hollie's remaining objections provide a basis for disagreeing with the R&R. Mr. Hollie contends that his § 1983 equal protection claim against Dr. Marsh should be allowed to go to trial because Dr. Marsh's stated reason for refusing to perform the implant procedure was a pretext for racially motivated discrimination. [Doc. No. 147 at 12 n.12.] Similarly, he argues that the R&R erred in recommending summary judgment on his § 1981 claim because he has, in fact, alleged a prima facie case of racial discrimination. [*Id.* at 13.] However, Mr. Hollie does not point to any evidence in the

---

[9] Mr. Hollie's deposition testimony suggested that the basis for his allegation that he was disabled was because of ED. [Schramm Decl., Ex. A at 64–65.] However, the Court notes that he did not suggest either Defendant discriminated against him because of that condition. Rather, he alleged that Defendants discriminated against him based on his history of being a sex offender. This Court is aware of no authority that one's status as a sex offender can legally qualify as a disability for purposes of the ADA.

[10] For example, Mr. Hollie cites *Ireland v. Anderson*, in which the court found that the plaintiffs stated a claim under the ADA because one of the civilly committed individuals added to the pleadings was alleged to have a mental disability that substantially limited his ability to work and previously qualified for Social Security benefits. Case No. 3:13-cv-03, 2015 U.S. Dist. LEXIS 133974, at *9 (D.N.D. Sept. 30, 2015). That has no relevance to Mr. Hollie's claimed disability.

13

summary judgment record to support his assertion that Dr. Marsh "and other Essentia Health Supervisors frequently made racially discriminating remarks about black inmates residing at MSOP. . . ." [*Id.* at 12 n.12] In addition, the Court finds that Mr. Hollie's complaint alleged only that he was discriminated against as "a class of one" or on the basis of his status as a sex offender. He did not allege that he received unequal treatment because of his race. Accordingly, the allegations of racial discrimination introduced for the first time in his objections to the R&R are not properly before the Court.

Mr. Hollie raises several additional objections to the R&R that do not address the Magistrate Judge's reasoning in recommending that the Defendants' motions for summary judgment be granted. For example, Mr. Hollie argues that the R&R incorrectly holds that because he is civilly committed, he does not have a right to constitutionally adequate medical care. He argues that the R&R "fails to legitimately explain how or why allowing Defendants to deny Hollie adequate medical attention for his serious medical needs would threaten the safety and security of the facility, other patients, or the public." [Doc. No. 147 at 6, 7.] Similarly, Mr. Hollie contends that the R&R incorrectly holds that he has no protected interest under the Fourteenth Amendment in receiving adequate medical attention, and he argues that the R&R fails to explain how the Defendants' decisions are reasonably related to legitimate governmental interests. [*Id.* at 8–11.] Mr. Hollie also contends that the R&R failed to ground its analysis in methods and procedures of science, citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S.

579 (1993). [*Id.* at 18.] These objections and others[11] misread the R&R and attribute to it reasons for dismissal of Mr. Hollie's claims that are not found within the R&R itself. For example, Judge Brisbois did not find that Mr. Hollie has no right to constitutionally adequate medical care because he is an involuntarily civilly committed individual, and the R&R includes no analysis or discussion of expert evidence that would necessitate a reference to the standards laid out in *Daubert*. Therefore, the Court does not address these issues further and they are overruled as they provide no basis for disagreeing with the R&R's conclusions.

Finally, Mr. Hollie objects to Judge Brisbois' recommendation that the Court decline to exercise supplemental jurisdiction over his state claims. However, Mr. Hollie has not provided any persuasive reason why this Court should address the merits of those state claims if all of the federal law claims are subject to summary judgment. The Court has already concluded that Defendants are entitled to summary judgment on all of Mr. Hollie's federal claims. And the Court agrees with Judge Brisbois' conclusion that declining to exercise supplemental jurisdiction over Mr. Hollie's state law claims pursuant to 28 U.S.C. § 1367(c) is appropriate under the circumstances.

## ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion in Limine [Doc. No. 118] is **DENIED**.

2. The Report and Recommendation [Doc. No. 146] is **ACCEPTED**.

---

[11] Mr. Hollie suggests that Defendants repackaged arguments made in support of previously denied motions to dismiss and are attempting to relitigate merits issues that have already been decided against them. But neither Defendant filed a motion to dismiss.

3. Plaintiff's Objections [Doc. No. 147] are **OVERRULED**.

4. Defendants' Motions for Summary Judgment [Doc. Nos. 100, 108] are **GRANTED**.

5. Plaintiff's 42 U.S.C. § 1983 claims against Defendants are **DISMISSED with prejudice**.

6. Plaintiff's 42 U.S.C. § 1981 claim against Defendants is **DISMISSED with prejudice**.

7. Plaintiff's claims under Title II and Title III of the Americans with Disabilities Act against Defendants are **DISMISSED with prejudice**.

8. Plaintiff's vicarious liability claim against Defendant Essentia Health Moose Lake Clinic based on Defendant Marsh's alleged federal law violates is **DISMISSED with prejudice**.

9. Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over Plaintiff's Minnesota state-law claims and those claims are, therefore, **DISMISSED without prejudice**.

   **Let Judgment be entered accordingly.**

Date: December 22, 2023          *s/Katherine Menendez*
                                 Katherine Menendez
                                 United States District Court